LOLLEY, J.
| iPro se plaintiff, Michael T. Rice, appeals a judgment of the Eighth Judicial District Court, Parish of Winn,. State of Louisiana, dismissing a writ of mandamus against the coroner of Winn Parish, Dr. Randolph L. Williams. Rice now appeals, and for the following reasons, we affirm the trial court’s judgment.
Facts
Litigation between Rice and Dr. Williams began on March 20, 2013, when Rice, who is serving a life sentence at Angola, filed a petition for writ of mandamus and/or alternate writ for records. In his petition, Rice asserted that in 1995, Dr. Williams evaluated his mental competency in criminal case number 34,680 of the Eighth Judicial District Court.[1] Rice also alleged that he wrote Dr. Williams on two separate occasions seeking copies of his medical records. According to Rice, after Dr. Williams failed to respond to his first letter, he wrote Dr. Williams again, requesting a release of his medical records as well as advising him of the possible sanctions he faced under La. R.S. 40:1299.96 for failing to respond. Further, Rice claimed that he signed a medical release form authorizing an agent to obtain the records and that when the agent went to Dr. Williams’ office with the form and money to pay for the copies, the agent was *878 always given an excuse or evasive answer. Rice also sought penalties and attorney fees related to the filing of the petition.
Rice’s petition was denied for failure to state a valid reason to obtain the medical records from Dr. Williams. Rice appealed, and this Court dismissed Rice’s petition, on its own motion, without prejudice, for failure to state a cause of action. In particular, this Court held that Rice’s petition did not set forth a cognizable cause of action under the mandamus statutes, because Rice did not allege that Dr. Williams was a public officer. See Rice v. Williams, 48,542 (La.App.2d Cir.11/20/13), 2013 WL 6122268.
Consequently, Rice refiled his petition against the Coroner of Winnfield rather than Dr. Williams in his individual capacity.[2] The trial court granted Rice’s petition and ordered Dr. Williams to produce true and authentic copies of the medical records sought by and requested by Rice. The trial court further ordered that should Dr. Williams fail to produce the medical records by the time and date provided, he was then ordered to show cause why the records were not produced and why he should not be held in contempt of court and be subjected to penalties and attorney fees.
By a letter dated April 3, 2014, Dr. Williams responded that after a thorough search of the medical records up to 10 years, no records for any patient with the name Michael T. Rice were located. Moreover, a search of the archival medical records (older than 10 years) did not reveal any records under the name Michael T. Rice. Nor were any medical records located in the office appointment files or X-ray records.
| (¡Following this response, Rice amended his petition to include information that his medical records may be found in criminal docket number 34,680 of the Eighth Judicial District Court for Winn Parish. Accordingly, the trial court modified its order and requested the clerk of court to release any medical records found in Rice’s criminal docket. No records were found.
On April 28, 2014, Rice filed a motion for constructive contempt of court, contending that Dr. Williams willfully disregarded the trial court’s order to relinquish the medical records. A show cause hearing was held on May 2, 2014, wherein Dr. Williams testified that he searched for Rice’s medical records, but found none. Dr. Williams noted that his office went even further and searched for previous billing records in 1995, but could only go back to 1997.
Not to be deterred, Rice filed a second request to amend his petition to include more facts related to the possible whereabouts of his medical records. Ultimately, the trial court denied Rice’s motion stating “This matter is res judicata, having no records being found which Michael Rice alluded to in this and previous petition. Denied. Case dismissed.” Rice now appeals and contends that the trial court erred in failing to address whether civil penalties, attorney fees, and costs associated with this writ were warranted.
Discussion
Mandamus is a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in Articles 3863 and |43864 of the Louisiana Code of Civil Procedure. Under La. C.C.P. art. 3863, a writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. The prescribed duty must be purely ministerial; mandamus will not lie to compel performance of an act *879 which contains any element of discretion, however slight. Peterson v. May, 39,470 (La.App.2d Cir.04/13/05), 900 So.2d 297. Upon the filing of a petition for a writ of mandamus, the court shall order the issuance of an alternative writ directing the defendant to perform the act demanded or to show cause to the contrary. La. C.C.P. art. 3865.
Here Rice asserts that the ministerial duty under La. R.S. 40:1299.96 requires Dr. Williams, as Coroner of Winn Parish, to turn over any copies of medical records belonging to Rice for a reasonable charge. When that statute is violated, La. R.S. 40:1299.96(A)(2)(b)(iii) provides, in pertinent part:
A health care provider shall be provided with written notice of any violation of Items (i) or (ii) of this Subparagraph and shall be given three days to correct the noticed violation[.] If the violation is not corrected within fifteen days of receipt of the certified mail or the commercial carrier notice, any violation of Items (i) or (ii) of this Subparagraph shall be subject to a civil penalty of five hundred dollars per violation, plus attorney fees and costs at the discretion of the court, payable to the requestor of the medical records.
Relying on this language, Rice maintains that he stated plausible allegations in his petition that- Dr. Williams violated the above described language. Thus, Rice argues that the trial court erred in its dismissal of the case prior to determining whether Rice was entitled to civil penalties, attorney fees, and costs.
Is As discussed above, upon the filing of a petition for a writ of mandamus, the court shall order the issuance of an alternative writ directing the defendant to perform the act demanded or to show cause to the contrary. La. C.C.P. art. 3865. Here, a review of the record shows that once Rice’s petition was granted, the trial court ordered Dr. Williams to produce copies of the medical records sought by and requested by Rice or show cause to the contrary. Dr. Williams first responded to the trial court’s order by letter that after a thorough search of the office’s current and archival records, no medical records belonging to Michael T. Rice were found. Dr. Williams then appeared at a show cause hearing on May 2, 2014, to determine if he was in possession of any of Rice’s medical records. Dr. Williams testified that he searched for Rice’s medical records, but found none.
While Rice cites to the penalty provision of La. R.S. 40:1299.96(A)(2)(b)(iii), he fails to note the precise language found in that same statute under Subsection (A)(3)(a), which specifically states that medical records shall be retained by a physician for a minimum period of six years from the date a patient is last treated by a physician. Louisiana R.S. 40:1299.96(A)(3)(b) further provides that graphic matter, images, X-ray films, and like matter that were necessary to produce a diagnostic or therapeutic report shall be retained, preserved and properly stored by a physician for a minimum period of three years from the date a patient is last treated by the physician. By court order, Dr. Williams evaluated Rice in 1995. By statute, Dr. Williams was required to retain those medical records | fifor a minimum period of six years.[3] Dr. Williams showed that he made a diligent effort to retrieve Rice’s medical records, which'he evidently no longer retained any of them. Accordingly, Dr. Williams fulfilled his duty under La. R.S. *880 40:1299.96(A)(3)(a) and (b), and Rice’s assignment of error is without merit.
Conclusion
So considering, the trial court’s judgment dismissing Michael T. Rice’s writ of mandamus against the Coroner of Winn Parish, Dr. Randolph L. Williams, is affirmed. All costs of this appeal are assessed to Michael T. Rice.
AFFIRMED.

. Rice is serving a life sentence as a third-felony offender. See State v. Rice, 31,871 (La.App.2d Cir.03/31/99), 736 So.2d 956, writ denied, 1999-1314 (La.10/15/99), 748 So.2d 464.

. It should be noted that Rice repeatedly refers to Dr. Randolph L. Williams as the Coroner of Winnfield. However, Dr. Williams' official title is Coroner of Winn Parish.

. Despite frequent revisions to La. R.S. 40:1299.96, the language pertaining to the number of years a physician must keep records on file has not changed.